**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 15 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OPHELIA EDUARDOVNA ABRAMIAN, | No. 15-71130 |
| Petitioner, | Agency No. A075-620-422 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Ophelia Eduardovna Abramian, a native and citizen of Georgia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to reopen.  *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).  We deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Abramian's motion to reopen as untimely, where it was filed more than 11 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Abramian has not established changed country conditions in Georgia to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

On September 16, 2015, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

15-71130